IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 07-36424-H1-7 |
| | § | |
| JULIET HOMES, LP | § | (Chapter 7) |
| | § | |
| DEBTOR | § | |

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT AGREEMENT BETWEEN TRUSTEE, AND TREMONT HOMES, INC., THOMAS P. THIBODEAU, JORGE G. CARMIRO AND AMAD AL-BANNA**

<table>
<tr><td>

NOTICE PURSUANT TO BANKRUPTCY LOCAL RULE 9013(b)

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

</td></tr>
</table>

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Joseph M. Hill, Trustee ("Juliet Homes Trustee") of the bankruptcy estate of Juliet Homes, LP ("Debtor") seeking approval to compromise and settle various causes of action and claims with Tremont Homes, Inc. ("Tremont Homes"), Thomas P. Thibodeau ("Thibodeau"), Jorge G. Casmiro ("Casmiro"), and Amad Al-Banna ("Al-Banna"), (collectively the "Defendants") and in support thereof would show as follows:

**RELIEF REQUESTED**

1. Pursuant to Bankruptcy Rule 9013 Juliet Homes Trustee requests court approval of his settlement and compromise of all claims between the Debtor's estate, with Tremont

1

Homes, Thibodeau, Casmiro and Al-Banna, defendants in Cause No. 2007-43650 pending in the 334th District Court of Harris County, Texas.

## PROCEDURAL BACKGROUND

2. On July 20th, 2007, the O'Quinn Law Firm filed a joint suit on behalf of Juliet Homes, LP and Juliet Homes – Washington Square North, LLC ("The Juliet Entities") against Tremont Homes for breach of contract and fraud relating to two construction contracts.

3. On September 20th, 2007, an involuntary Chapter 7 petition was filed against Juliet Homes, LP, Case No. 07-36424-H1-7 (the "Juliet Case"). On Debtor's motion, the case was converted to Chapter 11.

4. On October 19th, 2007, this Court entered an Agreed Order for Relief in an Involuntary Case Requiring Appointment of a Chapter 11 Trustee and Interim Provision for Filing Schedules in the Juliet Case. Subsequently, Juliet Homes Trustee was appointed Chapter 11 trustee in the Juliet Case.

5. On November 27th, 2007, Trustee filed his motion to convert the Juliet Case to a Chapter 7 Case. Subsequently, Juliet's case was converted.

6. On December 19th, 2007, the Chapter 11 bankruptcy case of Douglas A. Brown ("Brown" - sole member and Director of Juliet Homes – Washington Square North, LLC), Case No. 07-36422-H1-11, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division was converted to a Chapter 7 case.

7. On December 21st, 2007 W. Steve Smith ("Washington Square Trustee") was appointed as Chapter 7 trustee of Brown's Bankruptcy Estate.

## FACTUAL BACKGROUND

### Juliet's Pre-petition Contract with Tremont Homes

8. The Juliet Entities were formed by Douglas A. Brown. Both entities were engaged pre-petition in the home building construction business.

9. On or around July 17th, 2003, Brown, as managing member of Juliet Homes, LP (which was Juliet Homes, LLC at the time), entered into a contract with Tremont Homes for the construction of one-hundred and twenty (120) single family homes in the Markle Steel Building subdivision located in Harris County, Texas.

10. Subsequently, on or around November 5, 2003, Brown, as managing member and sole Director of Juliet Homes – Washington Square North, LLC, entered into a contract with Tremont Homes for the construction of fifty-seven (57) single family homes in the Washington Square North subdivision located in Harris County, Texas.

11. In both situations, the parties entered into two (2) purchase and sell agreements wherein Tremont Homes agreed to be the seller, and The Juliet Entities would be the buyers. Tremont Homes specifically agreed that it would produce homes at $134,000.00 per unit (per home). The Juliet Entities were then in-turn going to sell the homes at a general market rate to the families of Houston and beyond. The Juliet Entities, evidencing their good faith to perform obligations under these agreements, provided the earnest money to Tremont Homes to begin construction of these units.

### Juliet's Commencement of Litigation against the Defendant

12. After the signing of the above contracts, Tremont Homes began charging more than the agreed contract purchase price of $134,000.00 per unit (per home). Tremont Homes built approximately all but ten (10) units; but, continued to allegedly charge thousands of dollars more than the agreed purchase price of $134,000.00. It was alleged in the state court lawsuit that this additional charge was wrongful conduct that damaged The Juliet Entities.

13. As a result, prior to the Petition Date, on July 20th, 2007, The O'Quinn Law Firm filed a joint suit on behalf of The Juliet Entities against Tremont Homes in Cause No. 2007-43650 styled *Juliet Homes, LP and Juliet Homes-Washington Square North, LLC v. Tremont Homes, Inc., Thomas P. Thibodeau, Jorge G. Casimiro, and Amad Al-Banna* in the 334th District Court of Harris County, Texas (the "Tremont Litigation") for breach of contract and

fraud relating to the two construction contracts which The Juliet Entities entered into as buyers with Tremont Homes entering as sellers.

14. After years of litigation and attempts of counsel to obtain evasive fact witnesses and on request of the parties, the Tremont Litigation was abated post-petition so that efforts could be made to resolve their dispute in formal mediation. The mediation occurred on December 15, 2010, in Houston, Texas. During mediation, Juliet Homes Trustee, Washington Square Trustee, Tremont Homes, Thibodeau, Casimiro, and Al-Banna reached a settlement among themselves.

## TERMS OF COMPROMISE AND SETTLEMENT

15. Juliet Homes Trustee, Washington Square Trustee, Tremont Homes, Thibodeau, Casimiro, and Al-Banna agreed, subject to the Court's approval, to settle their claims and causes of action. Juliet Homes Trustee believes that the proposed settlement and releases are in the best interest of the estate and its creditors. The key terms of the settlement among Juliet Homes Trustee, Washington Square Trustee, Tremont Homes, Thibodeau, Casimiro, and Al-Banna are as follows:

A. Defendants will collectively pay the Bankruptcy Estate of Douglas A. Brown (representing Juliet Homes – Washington Square North, LLC's interest) and the Bankruptcy Estate of Juliet Homes, LP a total sum of $68,000.

B. $51,000 of the settlement funds will be payable in cash 30 days from the day the parties have agreed to this offer.

C. $17,000 will be paid by Amad Al-Banna in six equal monthly payments, bearing no interest with the first payment being due 30 days from the day the parties have agreed to the offer, with the remaining 6 payments being due each 30 days thereafter.

D. The parties will execute Mutual Releases with the releases to the Plaintiffs including the two Bankruptcy Estates and the respective Bankruptcy Trustees.

4

E.  Amad Al-Banna shall agree to a $46,000 principal judgment in favor of the Bankruptcy Estates subject to forbearance agreement with no abstracting, receiving, or any other collection action unless he defaults on his monthly payments. Upon his full payment of his obligation the judgment will be returned to him as released.

## BASIS OF COMPROMISE

16. Local Bankruptcy Rule 7014 provides that application for approval of compromises must comply with *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968) which sets forth the standards for the Court to use in evaluating a compromise. Those standards are as follows:

   a. Probability of success in litigation, with consideration given to the uncertainty in fact and in law;

   b. The complexity, expense and likely duration of litigation; and

   c. All other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

(a) <u>Probability of success on the merits.</u>  Juliet Homes Trustee has determined that Tremont Homes breached its contract with Juliet Homes, LP; however, several of the former employees have allegedly modified the contract price thus providing a defense of ratification via change order forms. Certain factual issues exist concerning Juliet Homes, LP's representatives and change order forms used during construction of the homes that went to the foundation of its contract with Tremont Homes. Furthermore, many fact witnesses that would be necessary for success in the case have left the state and refuse to work with counsel in order to effectuate a successful outcome. Many of these witnesses are subject of bankruptcy allegations in this Court. By compromising the estate's claims against the Defendants, the estate avoids the expense of a trial on the merits and the risk of an adverse judgment.

(b) <u>Complexity, expense and likely duration of litigation.</u>  Prosecution of the Tremont Litigation against Defendants would require extensive pre-trial preparation and

several days for trial. Juliet Homes Trustee estimates that pre-trial preparation and trial on the merits in the proceeding would exceed $75,000. The settlement will conserve judicial resources and save the costs associated with preparing the litigation for trial. The issues of this case are complex due to issues related to the aforementioned change order forms and their possible effects on the underlying contract.

(c) <u>Other factors relevant to the proposed compromise.</u> In compromising the estate's claims, the Juliet Homes Trustee evaluated Defendants' inability to repay any judgment that may be entered for Juliet Homes, LP. On top of that, Juliet Homes, LP's claim only represents a portion of the total amount that could potentially be collected. Juliet Homes, LP's interest in any outcome would be damages from only 120 of the total 177 homes. Since judgments entered against the Defendants are probably not collectible, and because Juliet Homes, LP's interest only represents a fraction of any potential recovery, Juliet Homes Trustee believes continued prosecution of the estate's claims is not warranted.

17. As special counsel for The Juliet Entities' litigation against Tremont Homes, Michael J. Lowenberg ("Lowenberg") and The O'Quinn Law Firm, have accumulated in excess of 500 billable hours and approximately $75,000 in out-of-pocket expenses. The proposed compromise is a settlement of both of The Juliet Entities' claims. Juliet Homes, LP's interest is only a fraction of the total settlement value.

18. The Bankruptcy Court authorized both Juliet Homes Trustee and Washington Square Trustee to compensate Michael Lowenberg and The O'Quinn Law Firm on a contingent fee basis plus reimbursement of all expenses and court costs. The total expenses incurred exceed the amount that will be received by The Juliet Entities as part of the settlement. Therefore, all of the funds received by both of The Juliet Entities, no matter how they are proportionately distributed, will only reimburse a portion of the total $75,000 in out-of-pocket expenses of the authorized special counsel. The O'Quinn Law Firm is willing to

assume the remainder of the out-of-pocket expenses in order to effectuate this settlement and waive any attorney fees. Therefore, there will no settlement proceeds available for payment to creditors of the estate.

19. Although there will be no distribution made to creditors of the estate, Joseph M. Hill, Trustee of the bankruptcy estate of Juliet Homes, LP and W. Steve Smith, Trustee of the bankruptcy estate of Douglas A. Brown (representing Juliet Homes – Washington Square North, LLC's interest in this lawsuit), have approved of this settlement. Specifically, Joseph M. Hill believes that the compromise is fair and reasonable as it partially reimburses special counsel for its out-of-pocket expenses incurred in representing the estate and will prevent further expenses incurred by the estate and by special counsel.

WHEREFORE, PREMISES CONSIDERED, Trustee respectfully requests this Court approve the foregoing compromise, and that he be granted such other and further relief as is just.

          Respectfully submitted,

          /s/ Theresa Mobley

          THERESA MOBLEY
          State Bar No. 14238600

OF COUNSEL:
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
Telephone: (713) 789-0500
Telecopier: (713) 974-0344
ATTORNEYS FOR JOSEPH M. HILL, TRUSTEE

## CERTIFICATE OF SERVICE

I certify that on or before the 5th day of August, 2011, a true and correct copy of the foregoing Motion for Approval of Compromise was served vie the Court's ECF or United States mail, postage prepaid, to Debtor, Debtors' counsel, the United States Trustee, and to the creditors and parties-in-interest whose names and addresses appear on the attached service list.

/s/ Theresa Mobley

_____

THERESA MOBLEY