IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 07-36424-H1-7 |
| | § | |
| JULIET HOMES, LP | § | (Chapter 7) |
| | § | |
| DEBTOR | § | |

MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT
AGREEMENT BETWEEN TRUSTEE, AND TREMONT HOMES, INC., THOMAS P.
THIBODEAU, JORGE G. CARMIRO AND AMAD AL-BANNA

---

NOTICE PURSUANT TO BANKRUPTCY LOCAL RULE 9013(b)

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Joseph M. Hill, Trustee ("Juliet Homes Trustee") of the bankruptcy estate of Juliet Homes, LP ("Debtor") seeking approval to compromise and settle various causes of action and claims with Tremont Homes, Inc. ("Tremont Homes"), Thomas P. Thibodeau ("Thibodeau"), Jorge G. Casmiro ("Casmiro"), and Amad Al-Banna ("Al-Banna"), (collectively the "Defendants") and in support thereof would show as follows:

RELIEF REQUESTED

1.      Pursuant to Bankruptcy Rule 9013 Juliet Homes Trustee requests court approval of his settlement and compromise of all claims between the Debtor's estate, with Tremont

Homes, Thibodeau, Casmiro and Al-Banna, defendants in Cause No. 2007-43650 pending in the 334th District Court of Harris County, Texas.

## PROCEDURAL BACKGROUND

2.      On July 20th, 2007, the O'Quinn Law Firm filed a joint suit on behalf of Juliet Homes, LP and Juliet Homes – Washington Square North, LLC ("The Juliet Entities") against Tremont Homes for breach of contract and fraud relating to two construction contracts.

3.      On September 20th, 2007, an involuntary Chapter 7 petition was filed against Juliet Homes, LP, Case No. 07-36424-H1-7 (the "Juliet Case"). On Debtor's motion, the case was converted to Chapter 11.

4.      On October 19th, 2007, this Court entered an Agreed Order for Relief in an Involuntary Case Requiring Appointment of a Chapter 11 Trustee and Interim Provision for Filing Schedules in the Juliet Case.  Subsequently, Juliet Homes Trustee was appointed Chapter 11 trustee in the Juliet Case.

5.      On November 27th, 2007, Trustee filed his motion to convert the Juliet Case to a Chapter 7 Case.  Subsequently, Juliet's case was converted.

6.      On December 19th, 2007, the Chapter 11 bankruptcy case of Douglas A. Brown ("Brown" - sole member and Director of Juliet Homes – Washington Square North, LLC), Case No. 07-36422-H1-11, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division was converted to a Chapter 7 case.

7.      On December 21st, 2007 W. Steve Smith ("Washington Square Trustee") was appointed as Chapter 7 trustee of Brown's Bankruptcy Estate.

## FACTUAL BACKGROUND

### Juliet's Pre-petition Contract with Tremont Homes

8.      The Juliet Entities were formed by Douglas A. Brown. Both entities were engaged pre-petition in the home building construction business.

9.      On or around July 17th, 2003, Brown, as managing member of Juliet Homes, LP (which was Juliet Homes, LLC at the time), entered into a contract with Tremont Homes for the

2

construction of one-hundred and twenty (120) single family homes in the Markle Steel Building subdivision located in Harris County, Texas.

10.     Subsequently, on or around November 5, 2003, Brown, as managing member and sole Director of Juliet Homes – Washington Square North, LLC, entered into a contract with Tremont Homes for the construction of fifty-seven (57) single family homes in the Washington Square North subdivision located in Harris County, Texas.

11.     In both situations, the parties entered into two (2) purchase and sell agreements wherein Tremont Homes agreed to be the seller, and The Juliet Entities would be the buyers. Tremont Homes specifically agreed that it would produce homes at $134,000.00 per unit (per home).  The Juliet Entities were then in-turn going to sell the homes at a general market rate to the families of Houston and beyond.  The Juliet Entities, evidencing their good faith to perform obligations under these agreements, provided the earnest money to Tremont Homes to begin construction of these units.

**Juliet's Commencement of Litigation against the Defendant**

12.     After the signing of the above contracts, Tremont Homes began charging more than the agreed contract purchase price of $134,000.00 per unit (per home).  Tremont Homes built approximately all but ten (10) units; but, continued to allegedly charge thousands of dollars more than the agreed purchase price of $134,000.00.  It was alleged in the state lawsuit that this additional charge was wrongful conduct that damaged The Juliet Entities.

13.     As a result, prior to the Petition Date, on July 20th, 2007, The O'Quinn Law Firm filed a joint suit on behalf of The Juliet Entities against Tremont Homes in Cause No. 2007-43650 styled *Juliet Homes, LP and Juliet Homes-Washington Square North, LLC v. Tremont Homes, Inc., Thomas P. Thibodeau, Jorge G. Casimiro, and Amad Al-Banna* in the 334th District Court of Harris County, Texas (the "Tremont Litigation") for breach of contract and fraud relating to the two construction contracts which The Juliet Entities entered into as buyers with Tremont Homes entering as sellers.

14.     After years of litigation and attempts of counsel to obtain evasive fact witnesses and on request of the parties, the Tremont Litigation was abated post-petition so that efforts could be made to resolve their dispute in formal mediation.  The mediation occurred on December 15, 2010, in Houston, Texas.  During mediation, Juliet Homes Trustee, Washington Square Trustee, Tremont Homes, Thibodeau, Casimiro, and Al-Banna reached a settlement among themselves.

15.     Juliet Homes Trustee filed a Motion for Approval of Compromise and Settlement in August 2011 pursuant to the terms of the December 15, 2010 settlement agreement. *See* MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT AGREEMENT BETWEEN TRUSTEE, AND TREMONT HOMES, INC., THOMAS P. THIBODEAU, JORGE G. CASIMIRO AND AMAD AL-BANNA. (Document No. 181).

16.     This Court denied the Motion on August 30, 2011 stating: "[t]here is demonstrably no benefit to the estate. All of the funds go to counsel.  The estate's liability to counsel only arises if there are proceeds from the litigation. If the estate receives no funds from the settlement, then the matter should be litigated to a conclusion." *See* Order Denying Motion for Approval of Compromise and Settlement Agreement (Document No. 182).

17.     Subsequently, the case was continued and further motions and discovery were filed. On January 28, 2013, Juliet Homes Trustee, Washington Square Trustee, Tremont Homes, Thibodeau, Casimiro, and Al-Banna reached a new settlement among themselves. This settlement cured the problems previously addressed by this Court.

### TERMS OF COMPROMISE AND SETTLEMENT

18.     Juliet Homes Trustee, Washington Square Trustee, Tremont Homes, Thibodeau, Casimiro, and Al-Banna agreed, subject to the Court's approval, to settle their claims and causes of action.  Juliet Homes Trustee believes that the proposed settlement and releases are in the best interest of the estate and its creditors.  The key terms of the settlement among Juliet Homes Trustee, Washington Square Trustee, Tremont Homes, Thibodeau, Casimiro, and Al-Banna are as follows:

A. Defendants will collectively pay the Bankruptcy Estate of Douglas A. Brown (representing Juliet Homes – Washington Square North, LLC's interest) and the Bankruptcy Estate of Juliet Homes, LP a total sum of $90,000.00.

B. Of this total $90,000.00, $22,000.00 shall be paid directly to the bankruptcy estates jointly without deduction of attorney fees or expenses.

C. The parties will execute Mutual Releases with the releases to the Plaintiffs including the two Bankruptcy Estates and the respective Bankruptcy Trustees.

## BASIS OF COMPROMISE

19.    Local Bankruptcy Rule 7014 provides that application for approval of compromises must comply with *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968) which sets forth the standards for the Court to use in evaluating a compromise.  Those standards are as follows:

a. Probability of success in litigation, with consideration given to the uncertainty in fact and in law;

b. The complexity, expense and likely duration of litigation; and

c. All other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

(a) Probability of success on the merits.  Juliet Homes Trustee has determined that Tremont Homes breached its contract with Juliet Homes, LP; however, several of the former employees have allegedly modified the contract price thus providing a defense of ratification via change order forms.  Certain factual issues exist concerning Juliet Homes, LP's representatives and change order forms used during construction of the homes that went to the foundation of its contract with Tremont Homes. Furthermore, many fact witnesses that would be necessary for success in the case have left the state and refuse to work with counsel in order to effectuate a successful outcome. Many of these witnesses are subject of bankruptcy allegations in this Court. By compromising the estate's claims against

5

the Defendants, the estate avoids the expense of a trial on the merits and the risk of an adverse judgment.

(b) <u>Complexity, expense and likely duration of litigation.</u>   Prosecution of the Tremont Litigation against Defendants would require extensive pre-trial preparation and several days for trial.  Juliet Homes Trustee estimates that pre-trial preparation and trial on the merits in the proceeding would exceed $75,000. The settlement will conserve judicial resources and save the costs associated with preparing the litigation for trial. The issues of this case are complex due to issues related to the aforementioned change order forms and their possible effects on the underlying contract.

(c) <u>Other factors relevant to the proposed compromise.</u>  In compromising the estate's claims, the Juliet Homes Trustee evaluated Defendants' inability to repay any judgment that may be entered for Juliet Homes, LP. On top of that, Juliet Homes, LP's claim only represents a portion of the total amount that could potentially be collected. Juliet Homes, LP's interest in any outcome would be damages from only 120 of the total 177 homes. Since judgments entered against the Defendants are probably not collectible, and because Juliet Homes, LP's interest only represents a fraction of any potential recovery, Juliet Homes Trustee believes continued prosecution of the estate's claims is not warranted.

20.     As special counsel for The Juliet Entities' litigation against Tremont Homes, Michael J. Lowenberg ("Lowenberg") and The O'Quinn Law Firm, have accumulated in excess of 500 billable hours and $95,690.71 in out-of-pocket expenses. The proposed compromise is a settlement of both of The Juliet Entities' claims. These fees will only be collected out of the $68,000.00 not being paid directly to the bankruptcy estates. The Bankruptcy Court authorized both Juliet Homes Trustee and Washington Square Trustee to compensate Michael Lowenberg and The O'Quinn Law Firm on a contingent fee basis plus reimbursement of all expenses and court costs. The total expenses incurred exceed the amount that will be received. The O'Quinn

Law Firm is willing to assume the remainder of the out-of-pocket expenses in order to effectuate this settlement and waive any attorney fees.

21.     The remaining $22,000.00 will, by agreement, be paid directly to the bankruptcy estates jointly without deduction. The O'Quinn Law Firm has agreed to waive its right to collect expenses and attorney fees out of this $22,000.00 portion of the settlement in order to effectuate this agreement. The settlement agreement does not delineate how these funds should be split amongst the bankrupt entites. However, as contracts that formed the basis of the suit included fifty-seven (57) homes to be built for Juliet Homes—Washington Square North, LLC and one hundred and twenty (120) homes built for Juliet Home, LP, Trustees propose the settlement funds be divided pro rata to the amount of homes. Accordingly, $57/177^{th}$ of the $22,000.00 ($7,084.75) should be allocated to the bankruptcy estate of of Douglas A. Brown (representing Juliet Homes – Washington Square North, LLC's interest in this lawsuit) and $120/177^{th}$ of the $22,000.00 ($14,915.25) should be allocated to the bankruptcy estate of Juliet Homes, LP. resulting in a net benefit to both estates after payment of trustee's fees.

22.     Joseph M. Hill, Trustee of the bankruptcy estate of Juliet Homes, LP and W. Steve Smith, Trustee of the bankruptcy estate of Douglas A. Brown (representing Juliet Homes – Washington Square North, LLC's interest in this lawsuit), have approved of this settlement. Specifically, Joseph M. Hill believes that the compromise is fair and reasonable as it partially reimburses special counsel for its out-of-pocket expenses incurred in representing the estate, allows some recovery for the estates and will prevent further expenses incurred by the estate and by special counsel.

WHEREFORE, PREMISES CONSIDERED, Trustee respectfully requests this Court approve the foregoing compromise, and that he be granted such other and further relief as is just.

Respectfully submitted,

/s/ Theresa Mobley

_____
THERESA MOBLEY
State Bar No. 14238600

OF COUNSEL:
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
Telephone: (713) 789-0500
Telecopier: (713) 974-0344
ATTORNEYS FOR JOSEPH M. HILL, TRUSTEE

## CERTIFICATE OF SERVICE

I certify that on the 22nd day of February, 2013, a true and correct copy of the foregoing Motion for Approval of Compromise was served vie the Court's ECF or United States mail, postage prepaid, to Debtor, Debtors' counsel, the United States Trustee, and to the creditors and parties-in-interest whose names and addresses appear on the attached service list.

/s/ Theresa Mobley

_____
THERESA MOBLEY

8

## SERVICE LIST

**DEBTOR**
JULIET HOMES, LP
5225 KATY FRWY, STE 605
HOUSTON, TEXAS 77008

**U.S. TRUSTEE**
NANCY LYNNE HOLLEY
OFFICE OF U S TRUSTEE
515 RUSK. ST STE 3516
HOUSTON, TX 77002

**DEBTOR'S ATTORNEY**
J. CRAIG COWGILL
2211 NORFOLK, STE 1190
HOUSTON, TEXAS 77098

**PARTIES REQUESTING NOTICE**
RONALD J SOMMERS
JENNIFER LYNN-SOON HALUPTZOK
NATHAN SOMMERS JACOBS
2800 POST OAK BLVD., 61ST FLOOR
HOUSTON, TEXAS 77056

STEVEN A. LE'YH
LEYH & PAYNE LLP
1616 S. VOSS RD. SUITE 125
HOUSTON, TX 77057

JOSHUA MORRIS HARRISON
GOODWIN AND HARRISON
P.O. BOX 8278
THE WOODLANDS, TX 77387-8278

DENISE L. NESTEL
SUSAN E. CATES
JOSHUA W. WOLFSHOHL
PORTER & HEDGES, L.L.P.
1000 MAIN STREET, 36TH FLOOR
HOUSTON, TEXAS 77002

CHUCK I. OKOYE
2833 CLINTON DRIVE
HOUSTON, TEXAS 77020

HARRIS COUNTY
C/O JOHN P. DILLMAN
POST OFFICE BOX 3064
HOUSTON, TEXAS 77253-3064

WILLIAM S CHESNEY, III
FRANK, ELMORE ET AL.
808 TRAVIS STE 2600
HOUSTON, TX 77002-5705

MONTGOMERY COUNTY
C/O JOHN P. DILLMAN
POST 01110E BOX 3064
HOUSTON, TEXAS 77253-3064

MELANIE D. BRAGG
LAW & MEDIATION OFFICES
4801 WOODWAY, SUITE 320 W
HOUSTON, TEXAS 77056

Q. TATE WILLIAMS
ATTORNEY AT LAW
917 FRANKLIN, SUITE 240
HOUSTON, TEXAS 77002

JOHN MANICOM
12591 RESEARCH, SUITE 101
AUSTIN, TEXAS 78759

BUILDER'S FIRST SOURCE
P.O. BOX 29947

**CREDITORS**
RLA CONSTRUCTION
10549 BERWYN DR.
HOUSTON, TEXAS 77027

ECAMSECURE D/B/A ECAMSECITRE,
INC.
436 WALNUT STREET
GARDENA, CA 90248

UNIVERSAL FOREST PRODUCTS
ATTN: JOE JACKSON
146 B FM 2793
P.O. BOX 1730
NEW WAVERLY, TEXAS 77358

MAIM STOKES & ASSOCIATES, INC.
D/B/A TURNKEY CONCRETE
2718 COLONY PARK DR.
SUGAR LAND, TEXAS 77479

RANGER ROOFING AND
CONSTRUCTION
14026 FM 2100 #A
CROSBY, TEXAS 77532

KENT MOORE CABINETS
1460 FOUNTAIN AVE.
BRYAN, TEXAS 77801

PRO PLASTER CO.
ATTN: MEL SANCHEZ
11836 ELIZABETH RIDGE
CONROE, TEXAS 77303

SANDRA TRUJILLO
815 HIDDEN VALLEY
HOUSTON, TEXAS 77088

AMERICAN MOLD GUARD
30270 RANCHO VIEJO ROAD, #E
SAN JUAN CAPISTRANO, CA 92675

HOUSTON MILLWORK
1615 DART ST.
HOUSTON, TEXAS 77252

QUALITY INSULATION
104 B, LONGVIEW
HOUSTON, TEXAS 77301

CHICO'S WELDING 14010
S. POST OAK, #110
HOUSTON, TEXAS 77045

TEXAS EXPRESS PLUMBING
2634 BANDELIER DRIVE
HOUSTON, TEXAS 77080

JR WELDING, INC.
919 TORI ROAD
RICHMOND, TEXAS 77469

TEXAS DRYWALL, INC.
1505 ALDINE BENDER
HOUSTON, TEXAS 77032

OASIS FIRE PROTECTION INC.
5310 GLENMONT, #C
HOUSTON, TEXAS 77081

**20 LARGEST UNSECURED CREDITORS**

6353 INTERESTS LTD.
5959 RICHMOND AVE, STE 440
HOUSTON, TX 77227

ARCOA FUNDING, LLC
50 BRIARHOLLOW, STE 210 EAST
HOUSTON, TX 77027

BROWN & GAY ENGINEERS, INC
11490 WESTHEIMER, STE 700
HOUSTON, TX 77077-6841

CLARK- TECH ENVIRONMENTAL
1515 GLOBE
HOUSTON, TX 77034

CORNERSTONE ELECTRIC COMPANY
1047 E. HUFFSMITH RD.
TOMBALL, TX 77375

ENTERGY
P.O. BOX 8104
BATON ROUGE, LA 70891

FIRST HORIZON CONSTRUCTION
LENDING
CONSTRUCTION LOAN ADMIN.
1250 WOOD BRANCH PARK DR.
SUITE 600-CC #7546
HOUSTON, TX 77079

FLOORING SERVICES
10555 WEST SAM HOUSTON
PARKWAY
HOUSTON, TX 77064

HOPE LUMBER & SUPPLY
27710 HIGHWAY BLVD
KATY, TX 77494

INTERNAL REVENUE SERVICE
P.O. BOX 21126
PHILADELPHIA, PA 19114-0326

JOANNA GOBER
10023 VILLA LEA LANE
HOUSTON, TX 77071

JULIET PURCHASING SERVICES, L.P.
720 RUSK, 2ND FLOOR
HOUSTON, TX 77002

LEXICO DISTRIBUTION
C/O STEVE ITTNER
6830 N. ELDRIDGE PKWY #511
HOUSTON, TX 77041

PAUL BETTENCOURT
HARRIS COUNTY TAX- ASS
P.O. BOX 4576
HOUSTON, TX 77210-4576

RESCON LLC
C/O RW LINDGREN
3202 CANYON LINKS
KATY, TX 77450

ROBERT DAVIS
3105 LOCKE LANE
HOUSTON, TX 77019

SER CONSTRUCTION SERVICES
P.O. BOX 891145
HOUSTON, TX 77289

SOUTHERNLAND ASBIIT & BRENNAN
LLP
1275 PENNSLYLVANIA AVE, NW
WASHINGTON, DC 20004-2415

TEXAN DRYWALL
1505 ALDINE BENDER
HOUSTON, TX 77032

WILLIAM MARSH RESCO
C/O MICHAEL ECKLUND
P.O. BOX 460188
HOUSTON, TX 77056

VENETIAN SWIMMING POOLS
5907 STIRRING WINDS LN.
HOUSTON, TX 77086