**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **JULIET HOMES, LP,** | § | **Case No. 07-36424-H1-7** |
| | § | **(Chapter 7)** |
| **Debtor** | § | |
| _____ | § | |
| | § | |
| **IN RE:** | § | |
| | § | |
| **JULIET GP, LLC,** | § | **Case No. 07-36426-H1-7** |
| | § | **(Chapter 7)** |
| **Debtor** | § | |
| _____ | § | |
| | § | |
| **IN RE:** | § | |
| | § | |
| **DOUGLAS A. BROWN,** | § | **Case No. 07-36422-H1-7** |
| | § | **(Chapter 7)** |
| **Debtor** | § | |
| _____ | § | |

**TRUSTEES' MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT
AGREEMENTS BETWEEN TRUSTEES AND DEFENDANTS ALEX ORIA;
JAMES THOMAS; GGG HOLDINGS, LP; SHAWN GOHEEN; TERRY LUTTRELL;
TOM PIRTLE AND PIRTLE INVESTMENTS, LP; ROBERT SHIRING;
TULLIS THOMAS; SANJAY VARMA; AND RAJ RANGWANI**

---

**NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 9013(b)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

---

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

COME NOW Joseph M. Hill, Trustee ("Juliet Trustee") of the bankruptcy estates of Juliet Homes, LP and Juliet GP, LLC ("Juliet Debtors" or "Juliet") and Janet S. Northrup, Trustee as Successor Trustee ("Brown Trustee") of the bankruptcy estate of Douglas A. Brown ("Brown"), seeking approval to compromise and settle various causes of action and claims with Defendants Alex Oria; James Thomas; GGG Holdings, LP and Shawn Goheen; Terry Luttrell; Tom Pirtle and Pirtle Investments, LP; Robert Shiring; Tullis Thomas; Sanjay Varma; and Raj Rangwani (the "Settling Defendants"), showing as follows:

## I.  RELIEF REQUESTED

1.      Pursuant to Federal Rule of Bankruptcy Procedure 9019, the Juliet Trustee and Brown Trustee (collectively, "Trustees") request approval of their settlement and compromise of controversy with the Settling Defendants.   While the Settling Defendants have agreed to the proposed compromises, the factual recitations set forth herein are solely those of the Trustees and are not necessarily agreed to by the Settling Defendants.

## II.  PROCEDURAL BACKGROUND

2.      On September 20, 2007, an involuntary petition for relief was filed under Chapter 7 of the United States Bankruptcy Code against each of the Juliet Debtors.  On the same date, an involuntary petition for relief was filed under Chapter 7 of the United States Bankruptcy Code against Brown.

3.      On October 19, 2007, the Juliet Debtors and Brown consented to the entry of an order for relief and converted their cases to Chapter 11.  On October 31, 2007, the Bankruptcy Court entered Orders for Relief in the Juliet Debtors' and Brown's bankruptcy cases (together, the "Bankruptcy Cases").

4.      The Juliet Trustee was subsequently appointed as Chapter 11 Trustee.  At the request of the Juliet Trustee, the Juliet Debtors' cases were converted to Chapter 7 cases.

5.      On December 5, 2007, Brown moved to convert his case to Chapter 7, and on December 19, 2007, the Bankruptcy Court converted Brown's case to Chapter 7.  Thereafter, the Brown Trustee was appointed Successor Trustee of Brown's Chapter 7 estate.

6.      Trustees commenced multiple Adversary Proceedings based on allegations that the Juliet Debtors and Brown were engaged in a Ponzi scheme in which certain investors and/or partners received funds that Trustees are entitled to recover pursuant to federal and state law. These Adversary Proceedings include:

- Adv. No. 09-3429, Joseph M. Hill, Trustee et al. v. Alex Oria, et al.
- Adv. No. 09-3432, W. Steve Smith, Trustee et al. v. Douglas Allen Brown, et al.
- Adv. No. 09-3433, W. Steve Smith, Trustee et al. v. Douglas Allen Brown, et al.
- Adv. No. 09-3434, W. Steve Smith, Trustee et al. v. Douglas Allen Brown, et al.
- Adv. No. 09-3435, W. Steve Smith, Trustee et al. v. Eric Putnam, et al.
- Adv. No. 09-3436, W. Steve Smith, Trustee et al. v. Eric Putnam, et al.
- Adv. No. 09-3437, W. Steve Smith, Trustee et al. v. Eric Putnam, et al.
- Adv. No. 09-3438, W. Steve Smith, Trustee v. Lawrence H. Ramming, et al.
- Adv. No. 09-3439, W. Steve Smith, Trustee v. Lawrence H. Ramming, et al.
- Adv. No. 09-3440, W. Steve Smith, Trustee v. Lawrence H. Ramming, et al.
- Adv. No. 09-3441, Joseph M. Hill, Trustee et al. v. Alex Oria, et al.
- Adv. No. 09-3442, Joseph M. Hill, Trustee et al. v. Alex Oria, et al.
- Adv. No. 09-3443, Joseph M. Hill, Trustee et al. v. Alex Oria, et al.

(collectively, the "Adversary Proceedings").

7.      The proposed settlements are discussed below.

## III.  PROPOSED SETTLEMENTS

**A.      Alex Oria**

8.      Trustees sued Alex Oria for allegedly receiving a $77,365.56 "loan" from Juliet Homes.  Trustees agreed to settle with Oria for a payment of $20,000.00 and mutual dismissals. According to Oria's counsel and public information, Oria is currently incarcerated and awaiting

trial on felony charges in an alleged massive Medicaid fraud scheme in the Southern District of New York. A copy of the settlement agreement with Oria is attached as **Exhibit A** and incorporated by reference as if fully set forth herein.

9.      Analysis of the factors under *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968) is as follows:

(a)     <u>Probability of success in litigation, with consideration given to the uncertainty in fact and in law.</u>  Trustees are confident in their claims, but Oria filed an answer with multiple denials and affirmative defenses challenging the Trustees' allegations.

(b)     <u>Complexity, expense and likely duration of litigation.</u>  This case involves numerous defendants and numerous transactions. The discovery period is almost over, but settlement of Trustees' claims against Oria frees up resources for continued litigation against the other defendants. The fact that Oria is incarcerated and currently involved in a large criminal proceeding in the Southern District of New York adds practical complications to the trial of the case. The settlement will also conserve judicial resources.

(c)     <u>Other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.</u>  Trustees have concluded that this settlement, which recovers nearly over a fourth of the transfer to Oria, is in the best interest of the estates because to the extent that there are assets available to satisfy a judgment, Oria's criminal proceeding will undoubtedly have a negative impact on the Trustees' ability to reach such assets in the future. This settlement will also allow the Trustees to

concentrate on prosecution of claim against other Defendants and conserve resources.

**B.     James Thomas**

10.     James Thomas was an investor who invested $50,000 for the project called Ballpark II.  This investment was then "rolled over" to the Juliet Westcott project.  In return for his $50,000 investment, Thomas received $70,736.82 in distributions, for a net profit of $20,736.82.   Thomas and Trustees agreed to a settlement wherein Thomas would pay $20,000.00, and the parties would mutually dismiss their claims.  A copy of the settlement agreement with Thomas is attached as **Exhibit B** and incorporated by reference as if fully set forth herein.

11.     Analysis of the factors under *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968) is as follows:

(a)     Probability of success in litigation, with consideration given to the uncertainty in fact and in law.  Trustees are confident in their claims, and the settlement amount is near the total amount of Thomas's net profit.

(b)     Complexity, expense and likely duration of litigation.  This case involves numerous defendants and numerous transactions.  Settlement of Trustees' claims against Thomas frees up resources for continued litigation against the other defendants.  The settlement will also conserve judicial resources.

(c)     Other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.  Trustees have concluded that this settlement, which recovers nearly all of Thomas's net profit, will allow the Trustees to concentrate on the prosecution of Trustees' claims against other Defendants and conserve resources.

**C.      GGG Holdings, L.P. and Shawn Goheen**

12.      GGG Holdings was an entity controlled by Shawn Goheen, and Juliet compensated it for referring investors to Juliet Homes.  Trustees claim that GGG Holdings received $136,250 in commissions or referral payments.  GGG Holdings contends that it provided reasonably equivalent value and asserts other defenses to Trustees' claims, including that GGG Holdings is now defunct and unable to satisfy any judgment that Trustees could obtain against it.  Trustees agreed to settle for $50,000 and mutual dismissals.  A copy of the settlement agreement with GGG Holdings and Goheen is attached as **Exhibit C** and incorporated by reference as if fully set forth herein.

13.      Analysis of the factors under *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968) is as follows:

(a)      <u>Probability of success in litigation, with consideration given to the uncertainty in fact and in law.</u>  Trustees are confident in their claims, and GGG Holdings and Goheen are confident in their defenses.  The claims against Goheen and GGG Holdings are somewhat different from the other fraudulent transfer claims against investors who received purported "profits" in that Goheen alleges that GGG Holdings was not an investor but, rather, a consultant who provided consideration for the payments and that the exchange was for reasonably equivalent value.  GGG Holdings and Goheen also filed counterclaims for attorneys' fees under the Texas Uniform Fraudulent Transfer Act.  Additionally, Goheen asserted that he has no individual liability and that GGG Holdings is defunct and unable to pay a judgment.

(b)   <u>Complexity, expense and likely duration of litigation.</u>   This case involves numerous defendants and numerous transactions.  Settlement of Trustees' claims against GGG Holdings and Goheen frees up resources for continued litigation against the other defendants.  The settlement will also conserve judicial resources.  As mentioned above, these claims are different from the majority of the other fraudulent transfer claims and would add to the complexity of the case.

(c)   <u>Other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.</u>  GGG Holdings and Goheen have no non-exempt assets that could be used to satisfy a judgment.  Goheen produced to Trustees an affidavit of financial condition and over 4000 pages of documents related to his financial condition.  Trustees have concluded that this settlement, which recovers over a third of the Trustees' claim against GGG Holdings and Goheen, is of benefit to the estates and will allow Trustees to concentrate their efforts on the prosecution of claims against other Defendants and conserve resources.

**D.   Terry Luttrell**

14.   Terry Luttrell was an investor who received a net "profit" of $52,309.  Lutrell denied that he profited this much, but the parties agreed to settle for $42,000 and mutual dismissals.  A copy of the settlement agreement with Luttrell is attached as **Exhibit D** and incorporated by reference as if fully set forth herein.

15.   Factors under *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968):

(a)   <u>Probability of success in litigation, with consideration given to the uncertainty in fact and in law.</u>  Trustees are confident in their claims, and the settlement amount is a significant percentage of Luttrell's net "profit."

(b)   <u>Complexity, expense and likely duration of litigation.</u>  This case involves numerous defendants and numerous transactions.  Settlement of Trustees' claims against Luttrell frees up resources for continued litigation against the other Defendants.  The settlement will also conserve judicial resources.

(c)   <u>Other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.</u>  Trustees have concluded that this settlement, which recovers a significant portion of Luttrell's net "profit," will allow the Trustees to concentrate their efforts and resources on other Defendants and conserve resources.

**E.      Tom Pirtle and Pirtle Investments, LP (collectively, "Pirtle")**

16.      Pirtle was an investor and partner in various real estate programs in which Juliet Homes, LP and/or Juliet GP, LLC were partners.  Initially it appeared that Pirtle received $200,000 in alleged profits from his investments related to Juliet Homes.  After further investigation and discovery, Trustees determined that Pirtle wired $200,000 to Juliet after receiving the $200,000 of alleged profit.  Pirtle contends that he also loaned another $100,000, but no records exist to verify this.

17.      Trustees and Pirtle have exchanged information concerning their respective claims and defenses.  Taking these into account, as well as the risks and costs of continued litigation, Trustees and Pirtle have reached agreement to mutually dismiss the claims against each other.  A copy of the settlement agreement with Pirtle is attached as **Exhibit E** and incorporated by reference as if fully set forth herein.

18.     Analysis of the factors under *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968) is as follows::

(a)     <u>Probability of success in litigation, with consideration given to the uncertainty in fact and in law.</u>  The documentary evidence shows that Pirtle did not receive an alleged profit.  Pirtle maintains that he was a "net loser" who received back less than he invested and that he was not an insider subject to preference exposure.  Both parties are mindful of the costs and risks associated with any litigation.  The proposed settlement provides for a global resolution between the Parties, which will provide a mutual dismissal of claims (Pirtle asserted a claim for attorneys' fees under the Texas Uniform Fraudulent Transfer Act) and prevent the estates from incurring any additional costs.  Therefore, the Trustees have determined in their best business judgment that the compromise is in the best interest of the estates.

(b)     <u>Complexity, expense and likely duration of litigation.</u>  This case involves numerous defendants and numerous transactions, but the documentary evidence available to Trustees supports a conclusion that Pirtle did not receive a profit on his investment.  Settlement of Trustees' claims against Pirtle frees up resources for continued litigation against the other Defendants.  The settlement will also conserve judicial resources.

(c)     <u>Other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.</u>  Trustees have concluded that a mutual dismissal of claims with Pirtle, who received no alleged profits, will allow the Trustees to concentrate on

other Defendants, conserve resources and eliminate the possibility of Pirtle obtaining an attorneys' fees award.

**F.     Robert Shiring**

19.     Robert Shiring invested in two Juliet Homes ventures:   Juliet-Markle Joint Venture and Juliet-Ballpark V Joint Venture.  His first investment in Juliet-Markle occurred in 2003 and was for $200,000, and Shiring received $200,000 in payments based upon that investment.  Shiring's second investment in Ballpark V was documented as an investment for $162,500 -- $110,000 of which was in the form of a "Note due from TMOC," Juliet Homes' affiliate, and the balance of $52,500 in case.  In return, Shiring received distributions totaling $275,000 (excluding a $50,000 check for which Juliet Homes stopped payments).  Shiring disputes that $100,000 of the $275,000 was "good funds" and denies receipt of the funds. Additionally, Shiring denies the ability to satisfy a sizeable judgment against him and has provided Trustees evidence of his financial condition. Based upon the foregoing and other information, the parties agreed to settle for $40,000 and mutual dismissals.  A copy of the settlement agreement with Shiring is attached as **Exhibit F** and incorporated by reference as if fully set forth herein.

20.     Factors under *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968):

(a)     <u>Probability of success in litigation, with consideration given to the uncertainty in fact and in law.</u>  Although Trustees are confident in their claims, there is genuine dispute regarding the amounts paid to Shiring.  If Shiring invested $162,500, the settlement amount is approximately one-third of the $162,500 net profit that Shiring purportedly received.  If Shiring is correct that the $100,000 payment to

him was not in good funds, then the $40,000 settlement amount returns the majority of Shiring's net profit to the estates.

(b)     <u>Complexity, expense and likely duration of litigation.</u>   This case involves numerous defendants and numerous transactions.  Settlement of Trustees' claims against Shiring frees up resources for continued litigation against the other Defendants.  The settlement will also conserve judicial resources.

(c)     <u>Other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.</u>   Trustees have concluded that this settlement, which recovers a significant portion of Shiring's net "profit," will allow the Trustees to concentrate their efforts and resources on other Defendants and conserve resources.

## G.     Tullis Thomas

21.     Tullis Thomas is a former banker with First Texas Residential (the mortgage company run by Douglas Brown).  Along with his then-wife Melisa Thomas, Thomas invested $100,000 in Juliet-Midtown in 2003.  He received that $100,000 investment back in full in 2004 and 2005.   Thomas later made an investment of $50,000 in Rescon, another Juliet Homes affiliate, but did not receive any payments on that investment.  It appears that Thomas received a referral payment of $25,000, but Thomas denies receipt of those funds.  Additionally, Thomas appears to have received commissions of approximately $1,000 upon the closing of a few loans made by First Texas Residential, although Thomas claims that these payments were made as part of his compensation program with First Texas.  In order to avoid further litigation, Thomas has agreed to pay Trustees $5,000 and to release all claims against the estates.  A copy of the settlement agreement with Thomas is attached as **Exhibit G** and incorporated by reference as if fully set forth herein.

22. Factors under *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968):

(a) <u>Probability of success in litigation, with consideration given to the uncertainty in fact and in law.</u>  A genuine dispute exists about whether Thomas received a net profit on his investment, so the probability of Trustees' success in the litigation is questionable based upon the disputed facts.

(b) <u>Complexity, expense and likely duration of litigation.</u>  This case involves numerous defendants and numerous transactions.  Settlement of Trustees' claims against Thomas frees up resources for continued litigation against the other Defendants.  The settlement will also conserve judicial resources.

(c) <u>Other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.</u>  Trustees have concluded that this settlement, which recovers $5,000 for the estates, is in the best interests of the estate and allows the Trustees to concentrate their efforts and resources on other Defendants and conserve resources.

**H.    Sanjay Varma and Raj Rangwani**

23. Varma and Rangwani each invested $137,500 and received the same amount back.  There is no evidence that they were insiders.  They have each agreed to pay $2,000.00 to settle the claims against them.

24. Factors under *Protective Committee For Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414 (1968):

(a) <u>Probability of success in litigation, with consideration given to the uncertainty in fact and in law.</u>  There is no evidence that Rangwani or Varma received profit on

their investments, so the probability of Trustees' success in the litigation is questionable based upon the disputed facts.

(b)     <u>Complexity, expense and likely duration of litigation.</u>     This case involves numerous defendants and numerous transactions.  Settlement of Trustees' claims against Rangwani and Varma frees up resources for continued litigation against the other Defendants.  The settlement will also conserve judicial resources.

(c)     <u>Other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.</u>  Trustees have concluded that this settlement, which recovers $4,000 for the estates, is in the best interests of the estate and allows the Trustees to concentrate their efforts and resources on other Defendants and conserve resources.

## IV. PRAYER

25.     For all the reasons set forth above, Trustees believe that the proposed settlement agreements are in the best interests of the estates and their creditors.  Trustees respectfully request that the Court grant this motion and enter an order approving the compromises.  Trustees respectfully request all other relief to which they are justly entitled.

Date: October 15, 2013

Respectfully submitted,

*/s/ Susan H. Jacks*
Susan Hardie Jacks
Attorney-in-Charge
State Bar No. 08957600
S.D. Texas I.D. No. 4192
susanjacks@mehaffyweber.com
500 Dallas, Suite 1200
Houston, Texas 77002
Phone: (713) 655-1200
Fax: (713) 655-0222

ATTORNEYS FOR JOSEPH M. HILL, TRUSTEE
and JANET S. NORTHRUP, TRUSTEE

OF COUNSEL:
MEHAFFY WEBER, P.C.
Jeremy R. Stone
State Bar No. 24013577
S.D. Texas I.D. No. 27060
jeremystone@mehaffyweber.com
500 Dallas, Suite 1200
Houston, Texas 77002
Phone: (713) 655-1200
Fax: (713) 655-0222

and

JOSEPH F. ARCHER, P.C.
Joseph F. Archer
4119 Montrose, Suite 400
Houston, TX  77006
(713) 335-1325
(713) 654-7814

## CERTIFICATE OF SERVICE

I certify that on the 15th day of October, 2013, a true and correct copy of this Motion was served by first class mail or ECF on (i) the United States Trustee, (ii) the IRS, (iii) the Chapter 7 Trustees, (iv) Debtors' counsel, (v) the 20 largest unsecured creditors of each Debtor, and (vi) all persons who filed notices of appearance, all of whom are identified on the attached list.  Notice of the filing of this motion was served on all creditors as set forth more fully in the Notice filed contemporaneously with this Motion.

*/s/ Susan H. Jacks*
Susan H. Jacks

**Debtors**

Douglas A. Brown
710 Bayshore, #101
Ft Lauderdale, FL 33304

Juliet Homes, LP
5225 Katy Freeway, Suite 605
Houston, Texas 77008

Juliet GP, LLC
720 Rusk St., 2nd Floor
Houston, TX 77002

**Debtors' Counsel**

J Craig Cowgill
J. Craig Cowgill & Associates, P.C.
8100 Washington, Suite 120
Houston, TX. 77007

**Chapter 7 Trustees**

Janet S Casciato-Northrup
Hughes Watters and Askanase
333 Clay, 29th Floor
Houston, TX 77002

Joseph M Hill
Cage Hill and Niehaus LLP
5851 San Felipe, Suite 950
Houston, TX 77057

**U.S. Trustee**

Hector Duran
U.S. Trustee
515 Rusk, Ste 3516
Houston, Texas 77002

Ellen Maresh Hickman
Office of the U S Trustee
515 Rusk St, Ste 3516
Houston, TX 77002

Nancy Lynne Holley
U S Trustee
515 Rusk St, Ste 3516
Houston, TX 77002

Diane G Livingstone
Office of U S Trustee
515 Rusk St, Ste 3516
Houston, TX 77002

**IRS**

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia Pa 19101-7346

**Parties Requesting Notice (All 3 Debtors)**

Ronald J. Sommers
Jennifer Lynn-Soon Haluptzok
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056

Steven A. Leyh
Leyh & Payne, LLP
1616 S. Voss Rd., Ste. 125
Houston, Texas 77056

Joshua Morris Harrison
Goodwin and Harrison
PO Box 8278
The Woodlands, Texas 77387-8278

Susan E. Cates
Joshua W. Wolfshohl
Porter & Hedges, LLP
1000 Main St., 36th Fl.
Houston, Texas 77002

Chuck I. Okoye
2833 Clinton Dr.
Houston, Texas 77020

Anthony Laurent LaPorte
Hanszen • LaPorte
PO Box 240353
4309 Yoakum St.
Houston, Texas 77277-9444

Steve Shurn
Hughes, Watters & Askanase, LLP
333 Clay St., 29th Floor
Houston, Texas 77002

James Landon
Hughes & Luce, LLP
111 Congress, #900
Austin, Texas 78701

Guy K. Cooksey
Matthews, Lawson & Bowick, PLLC
2000 Bering Dr., Ste. 700
Houston, Texas 77057

Harris County
c/o John P. Dillman
PO Box 3064
Houston, Texas 77253-3064

William S. Chesney, III
Frank, Elmore, Lievens, Chesney &
Turet, LLP
808 Travis St., Ste 2600
Houston, TX 77002

Montgomery County
c/o John P. Dillman
PO Box 3064
Houston, Texas 77253-3064

Melanie D. Bragg
Law & Mediation Offices
4801 Woodway, Suite 320W
Houston, Texas 77056

Q. Tate Williams
Attorney at Law
917 Franklin, Suite 240
Houston, Texas 77002

J. Daniel Woodall
Gauntt, Earl & Binney, LLP
1400 Woodloch Forest Dr., Ste. 575
The Woodlands, Texas 78730

Brian D. Womac
Womac & Assoc.
Two Memorial City Plaza
820 Gessner, Suite 1540
Houston, Texas 77024

Carl O. Sandin
Perdue, Brandon, Fielder, Collins
& Mott, LLP
1235 North Loop West, Ste. 600
Houston, Texas 77008

John Manicom
12591 Research, Ste. 101
Austin, Texas 78759

J Craig Cowgill
J. Craig Cowgill & Associates, P.C.
8100 Washington, Suite 120
Houston, TX. 77007

Bennett G Fisher
Fisher and Associates PC
909 Fannin St, Ste 1800
Houston, TX 77010

Blanche Duett Smith
McFall Breitbeil & Smith
1331 Lamar Street, Suite 1250
Houston, TX 77010-3027

Wayne Kitchens
Hughes Watters Askanase LLP
333 Clay St, 29 Fl
Houston, TX 77002

James D. Salyer
Morris, Lendais, Hollrah & Snowden
1980 Post Oak Boulevard, Suite 700
Houston, Texas 77056

Timothy A. Million
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, TX 77002

Randall A. Rios
Munsch Hardt Kopf & Harr,
PC Bank of America Center
700 Louisiana, 46th Floor
Houston, TX 77002

Geoffrey H. Bracken
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5011

June A. Mann
Mann & Stevens, P.C.
550 Westcott Street, Suite 560
Houston, Texas 77007

Ben R. King
Ike Exezidis
King & Exezidis, Attorneys At Law
1631 Dunlavy
Houston, TX 77006

Pat B. Fossett, Esq.
614 Moray Place
Corpus Christi, TX 78411

R. Christopher Naylor
Kathryn L. Buza
Devlin, Naylor & Turbyfill, P.L.L.C.
4801 Woodway, Suite 420 West
Houston, Texas 77056-1805

David A. McDougald
Grosz & Associates, P.C.
440 Louisiana St. Ste 250
Houston, Texas 77002

Mary A. Daffin
Barrett Burke Wilson
Castle Daffin & Frappier, L.L.P.
1900 St. James Place, Suite 500
Houston, Texas 77056

John P Dillman
Linebarger Goggan Blaire & Sampson
1301 Travis Street, Suite 300
Houston, TX 77002

Internal Revenue Services
Centralized Insolvency Ops
1919 Smith St Stop 5022 HOU
Special Procedure
Houston TX 77002

Dominique M. Varner
Hughes Watters Askanase, L.L.P.
3 Allen Center, 29th Floor 333 Clay
Houston, TX 77002

G. James Landon
Hughes & Luce, LLP
111 Congress, Suite 900
Austin, Texas 78701

HHT - FCP Limited 4, LP
c/o Hanszen Laporte
4309 Yoakum Blvd.
Houston, TX 77006-5856

David Allen McDougald
Grosz & Associates
440 Louisiana Street, Suite 250
Houston, Texas 77002

Michael S. Margolf
Moss Codilis, L.L.P.
P.O. Box 77409
Ewing, NJ 08618

**20 Largest Unsecured Creditors
(Douglas A. Brown)**

5803 Richmond, Ltd.
c/o Jennifer L. Haluptzok
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

6409 Interests, Ltd. dba 802 Interests, Ltd.
c/o Jennifer L. Haluptzok
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

6353 Interests, Ltd.
c/o Jennifer L. Haluptzok
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

Karalynn Cromeens
1413 Brittmore Road
Houston TX 77043

Cenlar
Attn: Bankruptcy Department
P.O. Box 77409
Ewing, NJ 08618

HHT (1998) Limited
3010 Palmer Way
The Woodlands, Texas 77380

Timothy Delgado
Arnold & Itkin, LLP
1401 McKinney St., Ste 2550
Houston, TX 77010

Spectrum LLP
PO Box 3011
Spring, TX 77373-3011

Vincent Galeoto
8134 Sun Terrace Lane
Houston, TX 77095

Meinen Family Partnership
3227 Wild River Dr
Richmond TX 77469-8299

Raj Rangwani
3934 FM 1960 Rd W Ste 210
Houston TX 77068-3544

SER Construction Partners, Ltd.
c/o Meyer, Knight & Williams, L.L.P.
8100 Washington Avenue, Suite 1000
Houston, Texas 77007

LeAnn Kenney
3422 Creekstone
Sugar Land TX 77479-2418

Melisa Thomas
c/o Nichamoff & King, P.C.
6565 West Loop South, Suite 501
Bellaire, TX 77401

FCP (1998) Limited
126 Tranquil Park
The Woodlands, TX 77380

Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, TX 77002

Najmuddin Karimjee, M.D.
and SAIFI, L.L.C.
14511 Linscomb Drive
Houston, TX 77084

U.S. Bank N.A.
Bankruptcy Department
P.O. Box 5229
Cincinnati, OH 45201

Advanced Appliances
2101 N Main St
Pearland, TX 77581-3309

Chase Auto Finance
PO Box 901032
Ft. Worth, TX 76101-2032

**20 Largest Unsecured Creditors
(Juliet Homes, LP)**

5803 Richmond, Ltd.
c/o Jennifer L. Haluptzok
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

Almeda/Reed Interests, Ltd.
c/o Jennifer L. Haluptzok
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

6353 Interests, Ltd.
c/o Jennifer L. Haluptzok
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

TMCM Real Properties, LLC
(Tullis Thomas)
Tullis Thomas
3109 Nantucket Ct.
Pearland, TX 77584

Thu Binh Si Ho
ATTN: Tri Nguyen
9440 Bellaire Blvd, Suite 216
Houston, TX 77036

Bruce A Nickel
P.O. Box 396
Barker TX 77413

Michael Schnakenberg
15 Greenlaw Ct
Sugar Land TX 77479

FCP (1998) Limited
126 Tranquil Park
The Woodlands, Texas 77380

HHT (1998) Limited
3010 Palmer Way
Houston, TX 77380

Dave Perkins
c/o Marjorie Payne Britt
Britt & Catrett, PC
4615 S. W. Fwy., Suite 500
Houston, TX 77027

Najmuddin Karimjee, M.D. and SAIFI, LLC
14511 Linscomb Drive
Houston, TX 77084

Spectrum L.L.P
Po Box 3011
Spring, TX 77373

LH Ramming, Trustee
50 Briar Hollow Lane
Suite 210- East Bldg.
Houston, TX 77027

Arcoa Capital Partners
Larry Ramming, Trustee
50 Briar Hollow Lane
Suite 210- East Bldg.
Houston, TX 77027

Arcoa Funding LLC
50 Briarhollow Suite 210 East
Houston, TX 77027-9300

Thu-Binh Si Ho & Hue Phu Ho
1625 Kirby
Houston, TX 77019

Bruce A Nickel
P.O. Box 396
Barker TX 77413

Joon Rhee
5114 Lillian St.
Houston, TX 77007

Muduganti J. Reddy
c/o Warren King
5020 Montrose, Third Floor
Houston, TX 77006

Meinen Family Partnership
3227 Wild River
Richmond, TX 77469

Michael Schnakenberg
15 Greenlaw Court
Sugar Land, TX 77479

SER Construction Partners, Inc.
P.O. Box 891145
Houston, TX 77289

Suarez Construction Group, LLC
505 N. Sam Houston Pkwy E. #265
Houston, TX 77060

**20 Largest Unsecured Creditors
(Juliet GP, LLC)**

Almeda/Reed Interests, Ltd.
c/o Jennifer L. Haluptzok
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

6353 Interests, Ltd.
c/o Jennifer L. Haluptzok
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056

HHT (1998) Limited
3010 Palmer Way
The Woodlands, Texas 77380

Najmuddin Karimjee, M.D. and SAIFI, LLC
14511 Linscomb Drive
Houston, TX 77084

Vincent Galeoto
8134 Sun Terrace Lane
Houston, TX 77095

FCP (1998) Limited
126 Tranquil Park
The Woodlands, Texas 77380

5803 Richmond LTD
c/o Andrew McCormick
5909 West Loop S Ste 550
Bellaire, TX 77401-2402

Dr. Cliff Atwood
3027 Poe Dr.
Montgomery, TX 7356-5543

Jeanette Kew
PO Box 525212
Flushing, NY 11352-5212

Flooring Services of Texas LP
c/o Susan E. Cates
1000 Main St. 36th FL
Houston, TX 77002-6336

Raj Rangwani
3934 FM 1960 Rd W Ste 210
Houston, TX 77068-3544

Robert Davis
c/o Raul Suazo
808 Travis St Ste 1800
Houston, TX 77002-5718

SER Construction Partners, Ltd.
c/o Nathan A. Steadman
8100 Washington Ave Ste 100
Houston, TX 77007-1062

Turnkey Concrete
2718 Colony Park Drive
Sugarland, TX 77479

Cornerstone Electric Company
1047 E. Hufsmith Rd.
Tomball, TX 77375

J & LA Plumbing Co.
6832 Lindbergh St.
Houston, TX 77087

First Horizon Construction Lending
Construction Loan Admin.
1250 Wood Branch Park Dr., Suite 600-CC
#7546
Houston, TX 77079

Entergy
PO Box 8104
Baton rouge, LA 70891-8104

Sutherland Asbill & Brennan, LLP
1275 Pennsylvania Ave., NW
Washington, DC 20004-2415

Texas Drywall
1505 Aldine Bender
Houston, TX 77032