IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| JULIET HOMES, LP | § § | CASE NO. 07-36424-H1-7 (Chapter 7) |
| DEBTOR | § § | |
| JULIET GP, LLC | § § | CASE NO. 07-36426-H1-7 (Chapter 7) |
| DEBTOR | § § | |
| DOUGLAS A. BROWN | § § | CASE NO. 07-36422-H1-7 (Chapter 7) |
| DEBTOR | § | |

**MEHAFFYWEBER, P.C.'S AND JOSEPH F. ARCHER, P.C.'S
FOURTH INTERIM APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD
SEPTEMBER 1, 2014 TO NOVEMBER 14, 2014**

**NOTICE PURSUANT TO LOCAL RULE 9013**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**Application Summary**

| Name of Applicant | | MehaffyWeber, P.C. and Joseph F. Archer, P.C. |
|---|---|---|
| Applicant's professional role in case | | Trustees' Special Litigation Counsel |
| Interim or final fee application? | | Fourth Interim |
| Effective date of order approving retention | | June 2, 2010 and August 22, 2013 |
| | Beginning of Period | Ending of Period |
| Time period covered in application | September 1, 2014 | November 14, 2014 |
| Time periods covered in all prior applications | June 2, 2010 | August 31, 2014 |
| Total amounts awarded in all prior applications | | First Interim Application: $50,368.22 ($33,087.85 in fees and $17,280.37 in expenses)<br><br>Second Interim Application: $110,719.42 ($40,187.06 in fees and $70,532.36 in expenses)<br><br>Third Interim Application: $293,699.25 ($286,033.83 in fees and $7,665.42 in expenses) |
| Amount of retainer received in case | | $0 |
| Total fees applied for in this application and in all prior applications (including any retainer amounts applied or to be applied) | | $419,163.65 |
| Total fees applied for in this application (including any retainer amounts to be applied) | | $59,854.91 |
| Total professional fees requested in this application | | $59,854.91 |
| Total professional hours covered by this application | | Not applicable; contingent-fee arrangement |
| Average hourly rate for professionals | | Not applicable; contingent-fee arrangement |
| Total paraprofessional fees requested in this application | | Not applicable; contingent-fee arrangement |
| Average hourly rate for paraprofessionals | | Not applicable; contingent-fee arrangement |
| Reimbursable expenses sought in this application | | $362.72 |
| Expected amount of dividend to be paid to unsecured creditors | | Unknown |
| Expected percentage dividend to be paid to secured creditors | | Unknown |
| Expected amount to be paid to all pre-petition creditors | | Unknown |

**TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:**

MehaffyWeber, P.C. (MW) and Joseph F. Archer, P.C. (JFA) (collectively, Special Counsel) file this Fourth interim application (the Fourth Interim Application) for allowance of compensation and reimbursement of expenses for the period from September 1, 2014 through November 14, 2014 (the Application Period).  MW and JFA jointly make this application as special litigation counsel for Joseph M. Hill, Trustee (Trustee Hill) of the bankruptcy estates of Juliet Homes, LP and Juliet GP, LLC (Juliet Debtors or Juliet) and Janet S. Northrup, Trustee (Trustee Northrup)[1] of the bankruptcy estate of Douglas A. Brown (Brown) pursuant to this Court's Orders entered on June 2, 2010 and August 22, 2013, copies of which are attached as **Exhibits A-1 and A-2.**

## Background

1. On September 20, 2007, involuntary chapter 7 bankruptcy petitions were filed against debtors Juliet Homes, LLP; Juliet Homes GP, LLC; and Douglas A. Brown.  Each of the Debtors ultimately consented to the entry of an order for relief.  Trustee Hill was appointed as the chapter 7 trustee for the Juliet Debtors, and W. Steve Smith was appointed as chapter 7 trustee for Brown.  Trustee Northrup is the successor trustee to Mr. Smith.

2. After review of the transactions involving their respective Debtors and estates, the Trustees concluded that Trustee Hill has causes of action that include the necessity of reverse piercing through Brown, and Trustee Northrup has causes of action that include the necessity of piercing through Juliet.  Some causes of action may be direct and/or jointly owned.  The Trustees

---

[1] Trustee Northrup succeeded W. Steve Smith as Trustee and retained Special Counsel who had been retained by Trustee Smith and Trustee Hill; the Court approved the continued employment of Special Counsel by Order dated August 22, 2013.  The term "Trustees" refers to Trustee Hill and Trustee Smith where it describes events before Trustee Northrup's appointment.

concluded that it was in the best interests of their estates and their creditors to jointly prosecute actions involving the Debtors' activities.

    3.    In 2009, Trustees commenced these Adversary Proceedings:

- Adversary No. 09-03429; *Joseph M. Hill, Trustee and W. Steve Smith, Trustee v. Alex Oria, et al.*;

- Adversary No. 09-03432; *W. Steve Smith, Trustee and Joseph M. Hill, Trustee v. Douglas A. Brown and Erica L. Zemaitis n/k/a Erica Brown*;

- Adversary No. 09-03433; *W. Steve Smith, Trustee and Joseph M. Hill, Trustee v. Douglas A. Brown and Erica L. Zemaitis n/k/a Erica Brown*;

- Adversary No. 09-03434; *W. Steve Smith, Trustee and Joseph M. Hill, Trustee v. Douglas A. Brown and Erica L. Zemaitis n/k/a Erica Brown*;

- Adversary No. 09-03435; *Joseph M. Hill, Trustee and W. Steve Smith, Trustee v. Joanna Gober, et al.*;

- Adversary No. 09-03436; *Joseph M. Hill, Trustee and W. Steve Smith, Trustee v. Eric Putman, et al.*;

- Adversary No. 09-03437; *Joseph M. Hill, Trustee and W. Steve Smith, Trustee v. Eric Putman, et al.*;

- Adversary No. 09-03438; *W. Steve Smith, Trustee and Joseph M. Hill, Trustee v. Lawrence Hugo Ramming, et al.*;

- Adversary No. 09-03439; *W. Steve Smith, Trustee and Joseph M. Hill, Trustee v. Lawrence H. Ramming, et al.*;

- Adversary No. 09-03440; *W. Steve Smith, Trustee and Joseph M. Hill, Trustee v. Lawrence H. Ramming, et al.*;

- Adversary No. 09-03441; *Joseph M. Hill, Trustee and W. Steve Smith, Trustee v. Alex Oria, et al.*; and

- Adversary No. 09-03442; *Joseph M. Hill, Trustee and W. Steve Smith, Trustee v. Alex Oria, et al.*

This Court consolidated these proceedings into Adversary No. 09-03429, and the reference of the consolidated proceeding was withdrawn. The withdrawn proceeding is pending before the

Honorable Sim Lake under Case No. 12-H-840. These proceedings are referred to in this Application as the "Adversary Proceedings."

4. Trustees, through their general counsel, commenced these Adversary Proceedings for damages, including the recovery of funds paid to Debtors' principals, partners, investors, and other third parties that played a role in the allegedly fraudulent real estate scheme orchestrated by Debtor Brown through his companies, including the two Juliet Debtors. The scheme involved multiple parties, including builders, title companies, and dozens of "investors/partners" who provided funds based upon a promised return on investment.

5. To overcome the necessity of piercing and the related expense, Trustees joined forces and pursued the causes of action jointly as if piercing had occurred, bringing the Adversary Proceedings jointly.

6. Because of the large number of the Adversary Proceedings, the large number of defendants and the complex nature of the litigation, Trustees sought authorization to employ MW and JFA as special counsel and to substitute them as attorneys-in-charge for Trustees' general counsel in the Adversary Proceedings. Trustees sought approval of the engagement and the terms of the engagement of Special Counsel on a contingent-fee basis pursuant to 11 U.S.C. § 328(a).

7. The Court approved the engagement of MW and JFA under the proposed terms by order entered on June 2, 2010, attached as **Exhibit A-1.**[2] When MW and JFA were engaged as Special Counsel, Trustees were seeking leave to amend their complaints in some of the Adversary Proceedings. Just four weeks after being hired, Special Counsel represented the Trustees in several of the Adversary Proceedings in a protracted and contentious evidentiary

---

[2] Following the appointment of Trustee Northrup, Trustees sought and obtained Court approval for Trustee Northrup's engagement of Special Counsel. That order is attached as Exhibit A-2.

hearing that spread over three days in June and July 2010.  After considering the parties' post-hearing briefs, the Court granted in part and denied in part Trustees' motion for leave to amend.  Trustees filed their Second Amended Complaint in Adversary 09-3429 on April 18, 2011.  The Court subsequently consolidated the Adversary Proceedings for pretrial purposes.

8.      The consolidated Adversary Proceedings involve more than 50 separate defendants or defendant groups, each of which is unique in their interaction with the Debtors and the transactions on which Trustees base their causes of action.  Following the filing of the Second Amended Complaint, defendants filed answers asserting defenses specific to their transactions, counterclaims, additional motions to dismiss, and four motions for summary judgment.   During the Second Interim Application Period, discovery began with the production of thousands of documents and 16 depositions.  During the Third Interim Application Period, Special Counsel continued their review of the evidence pertaining to the Trustees' claims against each of the multiple defendants and the defendants' defenses in preparation of the case for trial in 2014.  Informal settlement negotiations with several defendants began and/or continued.  After this Court certified the consolidated case as ready for trial, Judge Lake conducted an initial scheduling conference and ordered the parties to mediation.

9.      Mediator John Coselli scheduled three full-day mediation sessions that occurred on April 16, April 28, and May 5, with 25 defendants participating.  With the assistance of the mediator, Trustees settled at or soon after the mediation with eleven defendant groups.  Also in the Third Interim Application Period, Trustees filed a motion for approval of these compromises and obtained approval of these settlements.  Settlements obtained and approved in the Third Interim Period resulted in the defendants' releases of all claims against the estates and their payment of the amounts listed: (i) David Greenberg and Greenberg & Co. ($350,000), (ii)

Muduganti J. Reddy ($95,000), (iii) Richard Robert ($80,000), (iv) Vincent Galeoto and Janvin Corp. ($40,000), (v) Thai Nguyen ($40,000), (vi) Mir Azizi ($15,000), (vii) Shreyaskumar Patel ($20,000), (viii) Michael Ecklund, James Crable, Marquis Capital II Westcott, LP d/b/a/ Marquis Capital II, LLC and William Marsh Resco I, LP ($7,750), (ix) Washington Ho, Binh Ho and Hue Ho ($40,000), (x) Malladi Reddy ($20,000), (xi) Warren King ($12,500), and (xii) Thomas Boyd ($2,500).  In total, these settlements resulted in payments of $722,750 to the estates.  The defendants' waivers of filed proofs of claim further resulted in a reduction of more than $10,650,000 in claims against the estates.  All defendants also waived their rights to claims under section 502(d), which would have resulted in an additional $722,750 in claims against the estates.

10.     During the Third Interim Application Period, Special Counsel also sought and obtained final default judgments against these defendants in the principal amounts listed:  (i) Binh Ho, $800,000, (ii) Broyd, Inc. d/b/a First Texas Residential, $461,420, (iii) C&B Investments, Inc., $276,000, (iv) Hue Ho, $80,000, (v) Joey Perez, $85,260.52, (vi) Nadenne Calderon, $154,498.14, (vii) Robert Odom, $424,482.35, (viii) Steve Ittner, $32,500, (ix) Thomas Boyd, $9,000, (x) Todd Stoner, $107,000, and (xi) Washington Ho, $157,934.34.[3]

11.     During this Fourth Interim Application Period, Trustees continued negotiating with Defendants Julian Fertitta, the Doug Brown Defendants (Doug Brown, Erica Zemaitis Brown, and Victor Zemaitis), as well as the Arcoa Defendants (Larry Ramming and various Arcoa entities).  With the assistance of mediator, John Coselli, Trustees were able to reach an agreement with Julian Fertitta, which calls for Fertitta to pay $150,000 to settle the claims.

---

[3]     The default judgments against Washington, Binh, and Hue Ho and Thomas Boyd were resolved through compromises approved by the Court.

- 7 -

HOULITIGATION:1395412.1

Trustees filed their motion to approve the compromise with Fertitta on November 13, 2014.[4] Fertitta has paid the first $75,000 installment, with the second $75,000 installment being due no later than December 8, 2014.

12. The Trustees also reached an agreement with the Brown Defendants wherein Doug Brown entered into a $2.5 million agreed judgment (which could be satisfied within one year by the payment of $1.5 million). Trustees filed their motion to approve the compromise with the Brown Defendants on September 30, 2014, and the Order approving the compromise was entered on October 23, 2014.[5] Trustees are still negotiating with the Arcoa Defendants.

13. Under the terms of the fee agreement between Trustees and Special Counsel, and subject to this Court's authorization, Special Counsel is entitled (i) to reimbursement of expenses and then (ii) to 40% of the "net recovery" of amounts received on account of their prosecution of Trustees' causes of action. The Fertitta settlement detailed above and totaling $150,000 in settlement proceeds received is the subject of this Fourth Interim Application.

14. Special Counsel's expenses for which they seek reimbursement total $362.72 as detailed more specifically below. Based upon the expense reimbursement of $362.72, the combined "net recovery" to Trustee Hill and Trustee Northup equals $149,637.28. Accordingly, MW and JFA jointly request an interim award of compensation of $59,854.91 (40 percent of $149,637.28) and reimbursement of actual and necessary expenses totaling $362.72.

### Retainer and Prior Requests for Allowance of Compensation

15. Neither MW nor JFA received a retainer in this case.

16. This is Special Counsel's fourth interim application for compensation.

---

[4] See Doc. 239 in Case No. 07-36422; Doc. 90 in Case No. 07-36426; and Doc. 226 in Case No. 07-36424.
[5] See Doc. 222 in Case No. 07-36424; Doc. 86 in Case No. 07-36426; and Doc. 235 in Case No. 07-36422.

HOULITIGATION:1395412.1

**Amount of Fees and Expenses Requested**

17.     This Application seeks compensation of $59,854.91 for Special Counsel's professional services rendered and reimbursement of out-of-pocket expenses of $362.72 incurred during the Application Period.

*Expenses*

18.     During the Fourth Interim Application Period, Special Counsel incurred these non-reimbursed expenses in connection with their representation of Trustee:

| Expense | Amount |
|---|---:|
| Photocopies (@ 10 cents each) | 75.60 |
| Computerized Legal Research (Westlaw) | 157.24 |
| PACER | 118.20 |
| Conference calling | 11.68 |
| **TOTAL** | **$362.72** |

*Actual Recoveries*

19.     Special Counsel seek compensation for actual recovery of $150,000 from Julian Fertitta. This Fourth Application will be under submission with the Court after Fertitta finishes paying the full amount of the $150,000. If, for some reason, Fertitta does not pay timely, Trustees will file a motion to vacate or amend this application.

20.     All of Special Counsel's expenditures were actual, necessary and reasonable costs incident to the performance of professional services for Trustees. These amounts are recoverable under the approved contingency fee agreement with Trustees.

21.     All of the professional services provided by MW and JFA were for and on behalf of Trustees.

22.     Based upon the fee agreement approved by this Court, Special Counsel are entitled first to reimbursement of actual expenses and then to 40% of actual recoveries. That

formula yields an award to Special Counsel, based on actual recoveries during the Fourth Interim Application Period, of $59,854.91 in fees and $362.72 in expenses.

23. The contingency fee agreement contemplates that MW and JFA will allocate the contingency fee based on their respective contributions to a particular matter for which a recovery is realized. Both law firms assume joint responsibility for the representation. Neither MW nor JFA has promised, either directly or indirectly, to share any awarded compensation with any other person. Nor do MW and JFA have any agreement for payment of attorney's fees and expenses except as previously approved by this Court.

## Accomplishment

24. The principal accomplishments of MW and JFA during the Fourth Interim Application Period were the continued analysis and refinement of the Trustees' claims against the remaining defendants and collection of evidence in support of those claims, as well as the continued mediation and presentation of the remaining claims to the mediator.

## Factors Supporting Allowance of Compensation

### *Compensation Based on Actual Recoveries*

25. Bankruptcy Code section 328 allows a professional seeking to represent a bankruptcy estate to obtain prior court approval of its compensation arrangement. Section 328 provides that once a compensation plan has been approved by the bankruptcy court, "the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." 11 U.S.C. § 328(a); *Daniels v. Barron (In Barron),* 325 F.3d 690, 692-93 (5th Cir. 2003).

26.     Special Counsel believe that there were no intervening circumstances that were incapable of anticipation by this Court at the time it approved the compensation arrangement of MW and JFA.  Accordingly, MW and JFA respectfully submit that they are entitled to an award based upon the 40% contingency fee previously approved by this Court as to the actual recoveries.

27.     In the Fifth Circuit, bankruptcy courts review requests for compensation based upon the 12 factors enunciated in *American Benefit Life Ins. Co. v. Baddock (In re First Colonial Corp. of America)*, 544 F.2d 1291, 1298-99 (5th Cir. 1977) (applying the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  In addition to the information provided above, Special Counsel address each of those factors as follows:

a.     **The time and labor required**:  This case has been pending for approximately five years and has been very labor intensive.  Over the course of the litigation, Special Counsel have spent in excess of 2000 hours prosecuting Trustees' claims.  This case involved voluminous document productions, expert discovery, multi-day evidentiary hearings, and numerous depositions.  Mediation was a long and hard-fought process with numerous Defendants, including Fertitta, and included several days of face-to-face meetings and weeks of follow-up negotiations.

b.     **The novelty and difficulty of the questions**:  In this Fourth Interim Application Period, Special Counsel's focus has been more substantive than procedural, as was more the case in the first interim period in response to the defendants' motions to dismiss.  The defendants' liability for transfers made to them throughout the period 2004 through 2007 have presented both factual and legal issues regarding the Debtors' accounting, the commingling of funds, and their financial condition.  The defendants' (including Fertitta's) potential liability for payments made

to them in an alleged Ponzi scheme has also raised issues about their good faith defenses and Trustees' rights to recover not only any "profit" received on investments but also the initial investment principal or capital contribution.

      c. **The skill requisite to perform the legal services properly**: Special Counsel believe that this case has required the special expertise of Special Counsel and their experience in handling avoidance actions and Ponzi scheme cases with multiple claims and multiple defendants.

      d. **The preclusion of other employment by the attorney due to the acceptance of the case**: Special Counsel are able to handle a finite number of cases, and Special Counsel have been presented with the opportunity to handle more cases than they had the time to accept. The fact that this case has occupied so much of Special Counsel's time over the last several years necessarily means that other employment was precluded.

      e. **The customary fee**: had Trustees pursued this case on an hourly fee basis, the fee would have far exceeded the award sought in Special Counsel's combined fee applications.

      f. **Whether the fee is fixed or contingent**: the fee is contingent.

      g. **Time limitations imposed by the client or other circumstances**: Special Counsel were engaged after this case had been commenced and were required to prosecute a pending motion for leave to amend within four weeks of their engagement. This short time-frame required that Special Counsel act quickly to acquire the requisite knowledge of facts and law to prosecute that motion, which included a several-hour evidentiary hearing taking place over three days. Over the course of the litigation, Special Counsel were required to review and evaluate thousands of pages of documents in preparation for mediation and trial.

h. **The amount involved and the results obtained**: to date, Trustee has reached settlements totaling $1,146,250, an agreed judgment in the amount of $2,500,000, and the release of more than $12.5 million in claims against the estates.

i. **The experience, reputation, and ability of the attorneys**: The two senior lawyers involved in prosecuting Trustees' claims (Mr. Stone and Ms. Jacks) have collectively practiced for more than 40 years and tried dozens of cases and contested matters. Both lawyers have been named "Texas Super Lawyers" or "Rising Stars." Ms. Jacks is board certified in business bankruptcy law by the Texas Board of Legal Specialization.

j. **The "undesirability" of the case**: the case has not been "undesirable" for Special Counsel.

k. **The length and nature of the professional relationship with the client**: Special Counsel have worked with Trustee Hill in other cases for approximately 10 years. This is Special Counsel's first representation of Trustee Northrup.

l. **Awards in similar cases**: as set forth above, Special Counsel believe that the requested compensation is far less than would typically be awarded in similar cases under a different compensation arrangement. Special Counsel believe that, on a contingent-fee basis, the requested award is similar to awards in other cases.

## Recap

28. Following is a recap of Special Counsel's calculations and request for compensation and reimbursement of expenses:

| | |
|---|---|
| Gross actual recoveries: | $150,000.00 |
| Expenses: | -  362.72 |
| Net recovery: | $149,637.28 |
| 40% contingency fee: | $59,854.91  (40% x $149,637.28) |

**Total fee request this application:  $59,854.91**

**Total expense reimbursement:        $   362.72**

## Conclusion

29.     During the Fourth Interim Application Period, the efforts of Special Counsel have directly resulted in the recovery of $150,000 for the benefit of the estates and their creditors. The requested contingency fee is both reasonable and appropriate in the case.  The expenses incurred by Special Counsel were actual and necessary to the representation.  Accordingly, Special Counsel request that the Court approve the interim compensation and reimbursement of expenses as set forth above and grant such other and further relief as is just.

Dated: November 19, 2014                    Respectfully submitted,

*/s/ Jeremy R. Stone*
Jeremy R. Stone
Attorney-in-Charge
State Bar No. 24013577
S.D. Texas I.D. No. 27060
jeremystone@mehaffyweber.com
500 Dallas, Suite 1200
Houston, Texas 77002
Phone: (713) 655-1200
Fax: (713) 655-0222

ATTORNEYS FOR JOSEPH M. HILL, TRUSTEE
and JANET S. NORTHRUP, TRUSTEE

## CERTIFICATE OF SERVICE

I certify that on the 19th day of November 2014, a true and correct copy of this Application was served by the method indicated on (i) the United States Trustee, (ii) the IRS, (iii) the Chapter 7 Trustees, (iv) Debtors' counsel, and (v) all persons who have filed notices of appearance, all of whom are set forth in the attached list.

*/s/ Jeremy R. Stone*
Jeremy R. Stone

**Debtors' Counsel**
J Craig Cowgill (ECF)
J. Craig Cowgill & Associates, P.C.
8100 Washington, Suite 120
Houston, TX. 77007

**Chapter 7 Trustees**
Janet S Casciato-Northrup (ECF)
Hughes Watters and Askanase
333 Clay, 29th Floor
Houston, TX 77002

Joseph M Hill (ECF)
Cage Hill and Niehaus LLP
5851 San Felipe, Suite 950
Houston, TX 77057

**U.S. Trustee**
Hector Duran (ECF)
U.S. Trustee
515 Rusk, Ste 3516
Houston, Texas 77002

Ellen Maresh Hickman (ECF)
Office of the U S Trustee
515 Rusk St, Ste 3516
Houston, TX 77002

Nancy Lynne Holley (ECF)
U S Trustee
515 Rusk St, Ste 3516
Houston, TX 77002

Diane G Livingstone (ECF)
Office of U S Trustee
515 Rusk St, Ste 3516
Houston, TX 77002

**IRS**
Internal Revenue Service (mail)
Centralized Insolvency Operations
PO Box 7346
Philadelphia Pa 19101-7346

**Parties Requesting Notice (All 3 Debtors)**

Ronald J. Sommers (ECF)
Jennifer Lynn-Soon Haluptzok
Nathan Sommers Jacobs
2800 Post Oak Blvd., 61st Floor
Houston, Texas 77056

Steven A. Leyh (ECF)
Leyh & Payne, LLP
1616 S. Voss Rd., Ste. 125
Houston, Texas 77056

Joshua Morris Harrison (ECF)
Goodwin and Harrison
PO Box 8278
The Woodlands, Texas 77387-8278

Susan E. Cates (ECF)
Joshua W. Wolfshohl
Porter & Hedges, LLP
1000 Main St., 36th Fl.
Houston, Texas 77002

Chuck I. Okoye (mail)
2833 Clinton Dr.
Houston, Texas 77020

Anthony Laurent LaPorte (ECF)
Hanszen • LaPorte
PO Box 240353
4309 Yoakum St.
Houston, Texas 77277-9444

Steve Shurn (ECF)
Hughes, Watters & Askanase, LLP
333 Clay St., 29th Floor
Houston, Texas 77002

James Landon (ECF)
Hughes & Luce, LLP
111 Congress, #900
Austin, Texas 78701

Guy K. Cooksey (ECF)
Matthews, Lawson & Bowick, PLLC
2000 Bering Dr., Ste. 700
Houston, Texas 77057

Harris County (ECF)
c/o John P. Dillman
PO Box 3064
Houston, Texas 77253-3064

William S. Chesney, III (ECF)
Frank, Elmore, Lievens, Chesney & Turet, LLP
808 Travis St., Ste 2600
Houston, TX 77002

Montgomery County (ECF)
c/o John P. Dillman
PO Box 3064
Houston, Texas 77253-3064

Melanie D. Bragg (ECF)
Law & Mediation Offices
4801 Woodway, Suite 320W
Houston, Texas 77056

Q. Tate Williams (ECF)
Attorney at Law
917 Franklin, Suite 240
Houston, Texas 77002

J. Daniel Woodall (ECF)
Gauntt, Earl & Binney, LLP
1400 Woodloch Forest Dr., Ste. 575
The Woodlands, Texas 78730

Brian D. Womac (ECF)
Womac & Assoc.
Two Memorial City Plaza
820 Gessner, Suite 1540
Houston, Texas 77024

Carl O. Sandin (ECF)
Perdue, Brandon, Fielder, Collins & Mott, LLP
1235 North Loop West, Ste. 600
Houston, Texas 77008

John Manicom (ECF)
12591 Research, Ste. 101
Austin, Texas 78759

J Craig Cowgill (ECF)
J. Craig Cowgill & Associates, P.C.
8100 Washington, Suite 120
Houston, TX. 77007

Bennett G Fisher (ECF)
Fisher and Associates PC
909 Fannin St, Ste 1800
Houston, TX 77010

Blanche Duett Smith (ECF)
McFall Breitbeil & Smith
1331 Lamar Street, Suite 1250
Houston, TX 77010-3027

Wayne Kitchens (ECF)
Hughes Watters Askanase LLP
333 Clay St, 29 Fl
Houston, TX 77002

James D. Salyer (ECF)
Morris, Lendais, Hollrah & Snowden
1980 Post Oak Boulevard, Suite 700
Houston, Texas 77056

Timothy A. Million (ECF)
Munsch Hardt Kopf & Harr, PC
Bank of America Center
700 Louisiana, 46th Floor
Houston, TX 77002

Randall A. Rios (ECF)
Munsch Hardt Kopf & Harr,
PC Bank of America Center
700 Louisiana, 46th Floor
Houston, TX 77002

Geoffrey H. Bracken (ECF)
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, Texas 77002-5011

June A. Mann (ECF)
Mann & Stevens, P.C.
550 Westcott Street, Suite 560
Houston, Texas 77007

Ben R. King (ECF)
Ike Exezidis
King & Exezidis, Attorneys At Law
1631 Dunlavy
Houston, TX 77006

Pat B. Fossett (ECF)
614 Moray Place
Corpus Christi, TX 78411

R. Christopher Naylor (ECF)
Kathryn L. Buza
Devlin, Naylor & Turbyfill, P.L.L.C.
4801 Woodway, Suite 420 West
Houston, Texas 77056-1805

David A. McDougald (ECF)
Grosz & Associates, P.C.
440 Louisiana St. Ste 250
Houston, Texas 77002

Mary A. Daffin (ECF)
Barrett Burke Wilson et al.
1900 St. James Place, Suite 500
Houston, Texas 77056

John P Dillman (ECF)
Linebarger Goggan Blaire & Sampson
1301 Travis Street, Suite 300
Houston, TX 77002

Internal Revenue Services (mail)
Centralized Insolvency Ops
1919 Smith St Stop 5022 HOU
Special Procedure
Houston TX 77002

Dominique M. Varner (ECF)
Hughes Watters Askanase, L.L.P.
3 Allen Center, 29th Floor 333 Clay
Houston, TX 77002

G. James Landon (ECF)
Hughes & Luce, LLP
111 Congress, Suite 900
Austin, Texas 78701

HOULITIGATION:1395412.1

HHT - FCP Limited 4, LP (ECF)
c/o Hanszen Laporte
4309 Yoakum Blvd.
Houston, TX 77006-5856

Michael S. Margolf (mail)
Moss Codilis, L.L.P.
P.O. Box 77409
Ewing, NJ 08618